FILED
JUN 29 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>RONNIE BENNETT GRISSETT and )<br>BEULAH FROST GRISSETT, d/b/a )<br>GRISSETT GROCERY )<br>)<br>) | CR. NO. 2:05CR150-F<br>[21 USC 846;<br>21 USC 841(a)(1);<br>21 USC 841(c)(2);<br>18 USC 2]<br><br>INDICTMENT |

The Grand Jury charges:

## COUNT 1

From an unknown date and continuing to on or about April 10, 2003, the exact dates being unknown to the Grand Jury, in Covington County, Alabama, within the Middle District of Alabama and elsewhere,

RONNIE BENNETT GRISSETT,
BEULAH FROST GRISSETT, d/b/a/
GRISSETT GROCERY,

defendants herein, did knowingly and willfully combine, conspire, confederate and agree together with other persons known and unknown to manufacture five grams or more of methamphetamine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT 2

On or about April 10, 2003 in Covington County, Alabama, within the Middle District of Alabama,

RONNIE BENNETT GRISSETT,
BEULAH FROST GRISSETT, d/b/a/
GRISSETT GROCERY,

defendants herein, while aiding and abetting each other and others known and unknown to the Grand

chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

### Forfeiture Allegation

A.      Counts 1 & 2 of this indictment are hereby repeated and incorporated herein by reference.

B.      Upon conviction for violation of Title 21, United States Code, Sections 841 and 846, as alleged in Count 1 and/or Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2, as alleged in Count 2 of this indictment, the defendants,

> RONNIE BENNETT GRISSETT and
> BEULAH FROST GRISSETT d/b/a
> GRISSETT GROCERY,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 and 2 of this indictment, including but not limited to the following:

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as Grissett Grocery, located on Highway 27 North, Gantt, Alabama, more particularly described as:

> Lots 3 and 4 in Block "B" and all of Block "C", Plat No. I of the Hern Estate Land, Gantt, Alabama, said plat being recorded in the office of the Judge of Probate of Covington County, Alabama, in Plat Book 4, page 14, said parcel of land being more particularly described as follows: Starting at the point where the North right of way line of U.S. Highway No. 29 intersects the East right of way line of the River Falls Road and thence running in an Easterly direction along the North right of way line

2

of U.S. Highway No. 29 to the point where said North right of way line intersects the South right of way line of the Central of Georgia Railroad; thence running in a Northwesterly direction along the said South or Southern right of way of said railroad to a point where said Southern right of way line intersects the East right of way line of said River Falls Road; thence running South along said East right of way line of said River Falls Road to the point of beginning. Less and Except a 20 foot square lot to Southeast Alabama Gas District. All of said lots being in the NE1/4 of SE1/4 of Section 18, Township 5, Range 16.

    C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants,

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or,

    (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, 846, and 853, and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
TOMMIE BROWN HARDWICK
Assistant United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney