# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | <u>**CR. NO. 2:05CR150-LSC**</u> |
| | ) | |
| **RONNIE BENNETT GRISSETT,** | ) | |
| **d/b/a Grissett Grocery** | ) | |

## <u>UNITED STATES' PROPOSED JURY INSTRUCTIONS</u>

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-styled case.

Respectfully submitted this the 6th day of February, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB 4152 W86T

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:05CR150-LSC** |
| | ) | |
| **RONNIE BENNETT GRISSETT** | ) | |
| **d/b/a Grissett Grocery** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the following:

Ben E. Bruner Esquire.

Respectfully submitted,

/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB 4152 W86T

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

2.1

Duty To Follow Instructions
Presumption Of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

ANNOTATIONS AND COMMENTS

In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also Harvell v. Naple, 58 F.3d 1541,1542(11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

3

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

Definition Of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

ANNOTATIONS AND COMMENTS

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981 ); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

4.1

Consideration Of The Evidence
Direct And Circumstantial
Argument Of Counsel

As I said earlier, you must consider only the evidence that I have admitted in the case.  The

term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and

interpretation of the evidence that controls.  What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason

and common sense lead you to make; and you should not be concerned about whether the evidence

is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge

of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and

circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction

between the weight you may give to either direct or circumstantial evidence.

ANNOTATIONS AND COMMENTS

United States v. Clark, 506 F.2d 416 (5th Cir. 1975), cert. denied, 421 U.S. 967,95 S.Ct. 1957, 44
L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction
between direct and circumstantial evidence; see also United States v. Barnette, 800 F.2d
1558,1566(11th Cir. 1986), reh'g denied, 807 F.2d 999 (11th Cir. 1986), cert. denied, 480 U.S. 935,
107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence
is the same as in evaluating direct evidence") (citing United States v. Henderson, 693 F.2d 1028,
1030 (11th Cir. 1983)).  United States v. Granville, 716 F.2d 819, 822 (11th Cir. 1983) notes that
the jury was correctly instructed that the arguments of counsel should not be considered as evidence
(citing United States v. Phillips, 664 F.2d 971, 1031 (5th Cir. 1981)); see also United States v.
Siegel, 587 F.2d 721, 727 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

5

<u>Credibility Of Witnesses</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

7

Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

ANNOTATIONS AND COMMENTS

United States v. Johnson, 575 F.2d 1347, 1361 (5th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979) approved the Committee's former version of this instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

9.1

On Or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

ANNOTATIONS AND COMMENTS

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'q denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

United States v. Diecidue, 603 F.2d 535, 548(5th Cir. 1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345,63 L.Ed.2d 781 (1980), and cert. denied, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent. See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

10.4

Caution - - Punishment
(Multiple Defendants - - Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

ANNOTATIONS AND COMMENTS

United States v. Morales, 868 F.2d 1562, 1572 (11th Cir. 1989) approved this instruction.

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 USC § 1962 (RICO offenses) or 21 USC § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

United States v. Kelly, 615 F.2d 378 (5th Cir. 1980) approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or guilty mind.

United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978), reh'g denied, 579 F.2d 644 (1978), cert. denied, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), reh'g denied, 439 U.S. 1104,99

9

S.Ct. 885,59 L.Ed.2d 65(1979); <u>United States v. Batencort</u>, 592 F.2d 916 (5th Cir. 1979), instruction on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case.  See Special Instruction 8.

<u>United States v. Stone</u>, 9 F.3d 934,937(11th Cir. 1993), <u>reh'g denied</u>, 19 F.3d 1448 (11th Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.  <u>United States v. Arias</u>, 984 F.2d 1139 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993), and cert. denied, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels.  See also <u>United States v. Rivera</u>, 944 F.2d 1563, 1570-72(11th Cir. 1991); <u>Batencort</u>, <u>supra</u>, and Special Instruction 8,infra.

<u>United States v. Corral Martinez</u>, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instruction, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

<u>United States v. Benson</u>, 592 F.2d 257 (5th Cir. 1979); <u>United States v. Warren</u>, 612 F.2d 887 (5th Cir. 1980), <u>cert</u>. <u>denied</u>, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and intentional violation of a known legal duty;" <u>United States v. Pomponio</u>, 429 U.S. 10,97 S.Ct. 22, 50 L.Ed.2d 12 (1976), <u>reh'g</u> <u>denied</u>, 429 U.S. 987,97 S.Ct. 510, 50 L.Ed.2d 600 (1976).  See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge.
<u>United States v. Stewart</u>, 579 F.2d 356 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 936, 99 S.Ct. 332,58 L.Ed.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

<u>United States v. Barresi</u>, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guilty knowledge; see also <u>United States v. Broadwell</u>, 870 F.2d 594, 601 n.17 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85(1989).

<u>United States v. Knight</u>, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.

United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), cert. denied, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); United States v. Duckett, 583 F.2d 1309 (5th Cir. 1978) approved instruction concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.

But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.

11

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

11

Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

ANNOTATIONS AND COMMENTS

United States v. Brokemond, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction.  See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); United States v. Dunbar, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

12

<u>Verdict</u>

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

<u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Norton</u>, 867 F.2d 1354, 1365-66 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 491  U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct.  200, 107 L.Ed.2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and  thereafter follows it with an <u>Allen</u> charge, absent a showing that either incident or a combination of the two was inherently coercive."  Also, <u>United States v. Brokemond</u>, 959 F.2d 206,209(11th Cir. 1992)approved this instruction.  See also <u>United States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 589 F.2d 1114 (1979), <u>cert</u>. <u>denied</u>, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

85

Controlled Substances
(Offenses Involving Listed Chemicals)
21 U.S.C. § 841 (c)(2)

Title 21, United States Code, Section 841(c)(2), makes it a Federal crime or offense for anyone to possess or distribute a "listed chemical" knowing or having reasonable cause to believe the listed chemical will be used to manufacture a controlled substance.

Methamphetamine is a "controlled substance" within the meaning of the law. Pseudoephedrine is a listed chemical within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:        That the Defendant knowingly and distributed pseudoephedrine as charged;

Second:       That the Defendant distributed the pseudoephedrine knowing or having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine

"Distribute" in the terms of this instruction simply means to deliver or transfer possession of pseudoephedrine to another person, with or without any financial interest in the transaction.

15

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

Controlled Substances

(Conspiracy)

21 U.S.C. § 846

Title 21, United States Code, Section 846 make it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841 (a)(1). Section 841 (a)(1) makes it a crime for anyone to knowingly possess methamphetamine with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:          That two or more persons in some way or manner, came to a
                mutual understanding to try to accomplish a common and
                unlawful plan, as charged in the indictment;

Second:         That the Defendant, knowing the unlawful purpose of
                the plan, willfully joined in it; and

Third:          That the object of the unlawful plan was to possess with
                intent to distribute 5 or more grams of methamphetamine, as
                charged.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan including the nature and anticipated weight of the substance involved and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

The Defendants are charged in the indictment with conspiracy to possess with intent to distribute a certain quantity or weight of the alleged controlled substance. However, you may find any Defendant guilty of the offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to each Defendant, as I will explain in a moment, will require, if you find any Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

ANNOTATIONS AND COMMENTS

21 U.S.C. § 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter [Sections 801 through 904] [shall be guilty of an offense against the United States].

21 U.S.C. § 963 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter [Sections 951 through 966] [shall be guilty of an offense against the United States].

Maximum Penalty:     Both sections (846 and 963) provide that the penalty shall be the same as that prescribed for the offense which was the object of the conspiracy.

The "knowledge" elaboration upon the pre-existing version of this pattern charge is taken from United States v. Knowles, 66 F.3d 1146, 1155 (11th Cir. 1995).

Unlike 18 U.S.C. § 371 (general conspiracy statute), no overt act need be alleged or proved under either § 846 or § 963, United States v. Shabani, _____ U.S. ___,115 S.Ct. 382, 385-86 (1994); United States v. Ricardo, 619 F.2d 1124,1128 (5th Cir.), cert. denied, 449 U.S. 1063 (1980), nor does the absence of that requirement violate the First Amendment.  United States v. Pulido, 69 F.3d 192, 209 (7th Cir. 1995).

Termination of a conspiracy instruction discussed in United States v. Knowles, 66 F.3d 1146, 1157 (11th Cir. 1995) (no plain error in failing to instruct on this point); see also United States v. Belardo-Quinones, 71 F.3d 941, 944 (1st Cir. 1995).

Acts of concealment are not part of the original conspiracy.  United States v. Knowles, 66 F.3d 1146, 1155-56 (11th Cir. 1995).

For comparative citations analyzing the "mere presence" and "mere association" concepts, see United States v. Lopez-Ramirez, 68 F.3d 438, 440-41 (11th Cir. 1995).

The distinction between conspiracy to commit crime and aiding and abetting in its commission (they are distinct offenses) is illuminated in United States v. Palazzolo, 71 F.3d 1233, 1237 (6th Cir. 1995).

For a discussion of the "buyer-seller rule" (one who merely purchases drugs for personal use does not thereby become a member of a drug distribution conspiracy), see United States v. Ivy, 83 F.3d 1266,1285(10th Cir. 1996), cert. denied, 519 U.S. 901, 117 S.Ct. 253.

18

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of Apprendi, including weights of controlled substances under 21 U.S.C. § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts. See United States v. Sanchez, 269 F.3d 1250, 1257 fn. 51(11th Cir. 2001) en banc, cert. denied, _____ U.S. _____ 122 S.Ct. 1327 (2002).  Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of Apprendi.  This would be especially true in simpler cases involving single Defendants.  See Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction.  If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

Deliberate Ignorance
(As Proof Of Knowledge)

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the Defendant is aware of a high probability of its existence, unless the Defendant actually believes that it does not exist.

So, with respect to the issue of the Defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant believed that he distributed a listed chemical , and deliberately and consciously tried to avoid learning that the listed chemical would be used to manufacture a controlled substance in order to be able to say, if apprehended, that he did not know the chemical would be used to manufacture a controlled substance, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that a Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the Defendant actually knew that the listed chemical would be used to manufacture a controlled substance; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact that the chemical would be used to manufacture methamphetamine.

I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.


ANNOTATIONS AND COMMENTS

United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993), cert. denied, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.

United States v. Aleman, 728 F.2d 492, 494 (11th Cir. 1984), this instruction should be given only if there are facts that suggest the Defendant consciously avoided knowledge, not when the Defendant has actual knowledge; see also United States v. Rivera, 944 F.2d 1563, 1570-72 (11th Cir. 1991) (describing circumstances in which deliberate ignorance instruction is appropriate) and United States v. Perez-Tosta, 36 F.3d 1552 (11th Cir. 1994) (approving a similar instruction).  See also Basic Instruction 9.1.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

7

Aiding And Abetting (Agency)
18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

ANNOTATIONS AND COMMENTS

United States v. Broadwell, 870 F.2d 594, 607 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989) approved this instruction.  See also United States v. Walker, 621 F.2d 163 (5th Cir. 1980), cert. denied, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981).