IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:05cr150-C |
| ) | |
| RONNIE BENNETT GRISSETT and ) | |
| BEULAH FROST GRISSETT d/b/a ) | |
| GRISSETT GROCERY ) | |

RESPONSE TO ORDER

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, and John T. Harmon, Assistant United States Attorney, and respectfully responds as follows to Donnie B. Grissett's Motion for Reconsideration and a Hearing regarding Preliminary Order of Forfeiture:

I. BACKGROUND.

On April 21, 2006, Donnie B. Grissett forwarded a letter to Debra Hackett, Clerk of Court, Federal District Court for the Middle District of Alabama, wherein he petitioned the Court for a hearing regarding the "Preliminary Order of Forfeiture" in this case. The Court ordered the United States to respond to said petition on April 25, 2006.

II. ARGUMENT.

A. Permissibility Of Pro Se Party Pleading In The Case.

Title 21, United States Code, Section 853(n)(2)(A) allows:

> Any person, other than the defendant, asserting a legal interest in the property

>which has been ordered forfeited . . . may . . . petition the court for a hearing to ajudicate the validity of his alleged interest in the property.

To the extent Mr. Grissett has an interest cognizable under this section in the property subject to the Preliminary Order, he may petition the Court for a hearing to ajudicate that interest. The United States is not aware of any statute or case which restricts the ability of third parties to make a pro se petition under 21 U.S.C. § 853(n).

B. <u>The Letter Is Not Sufficient To Be Construed As A Petition Under the Statute.</u>

Title 21, United States Code, Section 853(n)(3) requires that a petition be signed by the petitioner under penalty of perjury. The April 21, 2006 letter is not signed under penalty of perjury and is not sufficient to be considered a petition under the statute.

C. <u>Even If The Letter Is Sufficient As A Petition, Mr. Grissett Cannot Prevail As A Matter of Law.</u>

Mr. Grissett's letter makes it clear that he had no interest in the property until July 2, 2005. The illegal acts which gave rise to forfeiture in this case began at an unknown date

and continued until April 10, 2003. Title 21, United States Code, Section 853(n)(6)(A) requires that a petitioner show that he had a right, title or interest in the property, vested in him rather than the defendant or superior to that of the defendant, at the time of the commission of the acts giving rise to forfeiture. Because the illegal acts in this case occurred prior to April 10, 2003 and because Mr. Grissett did not receive any interest in the property until July 22, 2005, he cannot prevail under this section.

Title 21, United States Code, Section (n)(6)(B) requires that a petitioner show he was a bona fide purchaser for value of his right, title and interest in the property and was without reasonable cause, at the time of the purchase, to believe the property was subject to forfeiture. Mr. Grissett states in his letter that "no monetary transaction was conducted" because he was "an heir to the property." He is not a bona fide purchaser for value. More over, he was not without reasonable cause, at the time of the transfer, to believe the property was subject to forfeiture. The transfer took place on July 22, 2005. The United States recorded its Lis Pendens, giving notice to all of the pendency of this forfeiture action, on July 7, 2005 at Book 2005 at Page 1101 at the Office of the Probate Judge of Covington County, Alabama. For the dual reasons shown, Mr. Grissett cannot prevail under this section.

Title 21, United States Code, Section 853(n)(6)(A) and (B) are the only methods whereby a third-party can have a Preliminary Order of Forfeiture amended. Mr. Grisset, as a matter of law, cannot prevail under these sections.

### III.  CONCLUSION.

By making this argument the United States is in no way asserting or insinuating any involvement in illegal drugs on the part of Mr. Grissett. However, the exceptions to forfeiture under 21 U.S.C. § 853(n) are strictly limited. The limits are there to prevent the gratis transfer of property, subject to forfeiture, to others in order to avoid forfeiture. That situation exists in this case and Mr. Grissett cannot prevail as a matter of law.

Even if he could prevail, he has not filed a proper petition under the statute involved in this case.

Respectfully submitted this 1st day of May, 2006.

                            FOR THE UNITED STATES ATTORNEY
                                  LEURA G. CANARY

                             /s/John T. Harmon
                            John T. Harmon
                            Assistant United States Attorney
                            Office of the United States Attorney
                            Middle District of Alabama
                            One Court Square, Suite 201 (36104)
                            Post Office Box 197
                            Montgomery, Alabama 36101-0197
                            Telephone:(334) 223-7280
                            Facsimile:(334) 223-7560
                            E-mail: John.Harmon@usdoj.gov
                            Bar Number: 7068-II58J

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2006, I electronically filed the foregoing Response to Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Kevin Butler, Ben Bruner** and **Tommie Brown Hardwick**.

I further certify that a copy of the foregoing Response to Order will be mailed to:

Donnie B. Grissett
P. O. Box 240
Gantt, AL 36038

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov
Bar Number: 7068-II58J